Thiago Coelho, SBN 324715
thiago@wilshirelawfirm.com
Jasmine Behroozan, SBN 325761
jasmine@wilshirelawfirm.com
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff and Proposed Class*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORTIA MASON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATURE REPUBLIC INTERNATIONAL, LLC., a California Limited Liability Company; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-05217-MWF-GJS<br><br>*Assigned to Hon. Judge Michael W. Fitzgerald*<br><br>**PLAINTIFF PORTIA MASON'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENTAS TO DEFENDANT NATURE REPUBLIC INTERNATIONAL, LLC.**<br><br>Hearing Date: December 10, 2021<br>Hearing Time: 10:00 a.m.<br>Courtroom: 5A<br><br>Complaint filed: June 25, 2021<br>Trial Date: None set |

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT

# NOTICE OF MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 10, 2021 or as soon thereafter as counsel may be heard in the courtroom of the Honorable Michael W. Fitzgerald located in the U.S. District Court – Central District, First Street Courthouse, 350 West First Street; Los Angeles, California 90012, Courtroom 5A, Plaintiff Portia Mason will and hereby does move for an order granting entry of default judgment as to Defendant Nature Republic International, LLC.I in this matter pursuant to Fed. R. Civ. Proc. 55(b).

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Jasmine Behroozan, all the pleadings, files, and records in this matter, any argument or evidence that may be presented to the Court prior to its ruling, and all other matters of which the Court may take judicial notice.

This Motion is made following the Clerk's Entry of Default.

Dated: October 15, 2021                    Respectfully Submitted,

                                            /s/ Jasmine Behroozan
                                           Jasmine Behroozan
                                           Thiago M. Coelho
                                           **WILSHIRE LAW FIRM, PLC**
                                           *Attorneys for Plaintiff and Proposed Class*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ...................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1

I.   INTRODUCTION ........................................................................................... 1

II.  PERTINENT FACTS ...................................................................................... 1

   A.  Factual Background ................................................................................ 1

   B.  Procedural History .................................................................................. 3

III. ARGUMENT ................................................................................................... 3

   A.  Legal Standard ........................................................................................ 3

   B.  Discussion ............................................................................................... 4

      1.  Defendant Was Properly Served Under Fed. R. Civ. Proc. 4 ........... 4

      2.  Plaintiff Has Complied with Fed. R. Civ. Proc. 55(b)(2) and L.R. 55.1 5

      3.  The *Eitel* Factors Weigh in Favor of Granting Default Judgment.... 5

         a.  Prejudice to Plaintiff .................................................................... 5

         b.  Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint ................................................................................... 5

         c.  Sum of Money at State in the Action .......................................... 7

         d.  Dispute Concerning Material Facts ............................................. 7

         e.  Excusable Neglect ....................... **Error! Bookmark not defined.**

         f.  Policy of Favoring Decisions Based on Merits ............................ 8

IV. REQUESTED RELIEF .................................................................................... 8

   A.  Injunctive Relief ..................................................................................... 8

   B.  Equitable Monetary Relief ..................................................................... 9

V.  CONCLUSION ............................................................................................. 10

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

# TABLE OF AUTHORITIES

Cases

*Aldabe v. Aldabe*,
   616 F.2d 1089 (9th Cir. 1980) ................................................................................5

*Craigslist, Inc. v. Naturemarket, Inc.*,
   694 F. Supp. 2d 1039 (N.D. Cal. 2010) ..................................................................8

*Danning v. Lavine*,
   572 F.2d 1386 (9th Cir. 1978) ................................................................................6

*DirecTV, Inc. v. Huynh*,
   503 F.3d 847 (9th Cir. 2007) ..................................................................................5

*Draper v. Coombs*,
   792 F.2d 915 (9th Cir. 1986) ..................................................................................4

*Eitel v. McCool*,
   782 F.2d 1470 (9th Cir. 1986) ........................................................................5, 6, 7

*Elektra Entm't Grp. Inc. v. Crawford*,
   226 F.R.D. 388 (C.D. Cal. 2005) ...........................................................................7

*Landstar Ranger, Inc. v. Parth Enters., Inc.*,
   725 F. Supp. 2d 916 (C.D. Cal. 2010) ...................................................................7

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) ...............................................................................................4

*PepsiCo, Inc. v. Cal. Sec. Cans*,
   238 F. Supp. 2d 1172 (C.D. Cal. 2002) .............................................................6, 7

*TeleVideo Sys., Inc. v. Heidenthal*,
   826 F.2d 915 (9th Cir. 1987) ..................................................................................5

*Vogel v. Rite Aid Corp.*,
   992 F. Supp. 2d 998 (C.D. Cal. 2014) ...................................................................6

*Wecosign, Inc. v. IFG Holdings, Inc.*,
   845 F. Supp. 2d 1072 (C.D. Cal. 2012) .............................................................7, 8

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**Statutes**

42 U.S.C. § 12181(7) ................................................................................................. 1, 3

Cal. Civ. Code § 51 ......................................................................................................... 3

Fed. R. Civ. P. 55(a) ....................................................................................................... 4

**Rules**

Fed. R. Civ. Proc. 4 ........................................................................................................ 5

Fed. R. Civ. Proc. 4(a) .................................................................................................... 5

Fed. R. Civ. Proc. 4(b) .................................................................................................... 5

Fed. R. Civ. Proc. 4(h)(1)(B) .......................................................................................... 5

Fed. R. Civ. Proc. 55(a) .................................................................................................. 3

Fed. R. Civ. Proc. 55(b)(2) ..................................................................................... passim

L.R. 55.1 ..................................................................................................................... 5, 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff is legally blind and can only experience the internet through screen-reading software. Defendant operates a website which provides consumers access to store locations, natural cosmetic products, and skin care products. Defendant operates stores, located in California, and the United States as a whole, which constitute places of public accommodation as defined under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12181(7). Plaintiff visited Defendant's website and found it incompatible with screen-reading software and, therefore, unusable for Plaintiff.

Plaintiff filed her instant lawsuit as a direct result of Defendant's failure to allow her equal access to Defendant's website, as is required under the ADA. Defendant was properly served notice of this lawsuit but has failed to respond or appear, leading Plaintiff to request and be granted a Clerk's Entry of Default (Dkt.17). Plaintiff now requests the Court to enter a default judgment against Defendant, pursuant to Fed. R. Civ. Proc. 55(b)(2).

Defendant generates millions of dollars in revenue through its website which is inaccessible by Plaintiff and other legally blind individuals. Visits to Defendant's website are increasing and range between one-half to one million visits each *month*, including visits by proposed class members during the class period. Plaintiff requests an award of statutory minimum damages of $4,000.00 per offense, per person, pursuant to Cal. Code Civ. Proc. 52(a).

## II.   PERTINENT FACTS

### A. Factual Background

Plaintiff is legally blind and can only experience the internet through screen-reading software. (Complaint, ¶¶ 4, 21). Defendant operates a website, https://www.naturerepublicusa.com/, which provides consumers an extensive variety of cosmetic and skin care products. Further, Defendant's stores, located in

California and the United States, constitute places of public accommodation as defined under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12181(7).

Defendant's website offers store locations and a variety of cosmetic and skin care products. Plaintiff visited Defendant's website numerous times, in 2021. (*Id*., ¶¶ 28, 29). During each of these visits, Plaintiff encountered barriers which prevented her from using the website. (*Id*., ¶ 28). These barriers include (1) a lack of alternative text ("alt text") imbedded within graphics, which provide a mechanism by which the screen-reader can "read" images and other graphical elements, (2) empty links that contain no text, causing the function or purpose of the link to not be presented to the user, (3) redundant links, or adjacent links going to the same URL address, which results in additional navigation and repetition for keyboard and screen-reading users, and (4) linked images missing alt-text, where an image within a link lacks any descriptive text or alt-text, which provides the screen-reader with no content with which to present the user as to the function of the link. (*Id*.). These barriers prevent screen-reading software from functioning and thereby barred Plaintiff from using the website. (*Id*.). Plaintiff continues to be deterred on a regular basis from using Defendant's website, which Plaintiff desires to do. (*Id*., ¶ 30). Plaintiff also desires to visit Defendant's stores but is deterred from doing so by the website's barriers, which have prevented her from finding the store location and hours of operation information. (*Id*.).

Plaintiff estimates the matter in controversy exceeds the sum of $5 Million, exclusive of interest and costs. (*Id.* at ¶ 9). Each month Defendant's website receives between one-half million and one million visits, and the number of visits is increasing. It is an extremely conservative estimate that 1,250 visits were made to Defendant's website by proposed class members and Plaintiff during the proposed class period. Plaintiff requests an award of statutory minimum damages of $4,000.00 per offense, per person, pursuant to Cal. Code Civ. Proc. 52(a). (*Id.* at ¶ 67). At 1,250 visits by proposed class members during the class period, with

each offense awarded the statutory minimum of $4,000.00, a total minimum award to Plaintiffs should be $5,000,000.00, exclusive of interests and costs.

Plaintiff properly served Defendant with the Complaint and, yet, Defendant has failed to respond. Plaintiff, pursuant to Fed. R. Civ. Proc. 55(a), requested that the clerk enter a default. Such default was entered by the clerk and now, Plaintiff moves for the Court's Entry of Default Judgment, pursuant to Fed. R. Civ. Proc. 55(b)(2).

### B. Procedural History

On June 25, 2021, Plaintiff filed her instant complaint seeking relief regarding violations of the ADA and Unruh Civil Rights Act, *see* Docket 1.

On March 28, 2021, clerk of the Central District Court of California, issued a summons requiring Defendant to file a response to the Complaint within 21 days following service, *see* Docket 7.

On July 6, 2021, Plaintiff personally served her Complaint, Summons in a Civil Action, and Civil Case Cover Sheet upon Defendant Nature Republic International's agent for service of process, *see* Docket 10.

Defendant National Republic International failed to file a responsive pleading.

On September 3, 2021, Plaintiff filed her Request for Clerk's Entry of Default, *see* Docket 13.

After reviewing Plaintiff's request, Clerk of the Central District Court, issued a Default, *see* Docket 14.

Now, Plaintiff moves the Court for entry of default judgment against Defendant National Republic International, pursuant to Fed. R. Civ. Proc. 55(b)(2).

### III. ARGUMENT

### A. Legal Standard

Entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P.

55(a). *See also Aldabe v. Aldabe*, 612 F.2d 1089, 1092 (9th Cir. 1980). A party has no duty to defend, however, unless the plaintiff properly served the defendant with the summons and complaint, or waives such service, pursuant to Federal Rule of Civil Procedure 4. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (holding "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons"); *see also In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

Before courts decide whether to grant default judgment, Fed. R. of Civ. Proc. 55(b)(2) requires the Clerk's entry of default. *See Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986). A district court has discretion in deciding whether to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, courts may consider a number of factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and, (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits (collectively, the "*Eitel* factors"). *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In deciding a motion for default judgment, all factual allegations in the plaintiff's complaint are deemed to be true, except those relating to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see also DirecTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).

**B. Discussion**

   **1. Defendant Was Properly Served Under Fed. R. Civ. Proc. 4**

Here, Plaintiff served Defendant properly under Fed. R. Civ. Proc. 4. The summons was issued in compliance with Fed. R. Civ. Proc. 4(a-b), *see* Docket 7. Plaintiff, through a compliant professional service processor, personally served the summons, along with the Complaint and Civil Case Cover Sheet, through

Defendant's Nature Republic International's agent for service of process, on July 6, 2021, *see* Docket 10. As such, Plaintiff's service was compliant with Fed. R. Civ. Proc. 4(h)(1)(B). Defendant was properly served under Fed. R. Civ. Proc. 4.

### 2. Plaintiff Has Complied with Fed. R. Civ. Proc. 55(b)(2) and L.R. 55.1

Plaintiff has complied with Fed. R. Civ. Proc. 55(b)(2). Plaintiff requested from and was granted by the clerk a Default against Defendant in compliance with Fed. R. Civ. Proc. 55(a), *see* Dockets 17, 18. Plaintiff has complied with Fed. R. Civ. Proc. 55(b)(2).

### 3. The *Eitel* Factors Weigh in Favor of Granting Default Judgment

In Plaintiff's instant motion, the *Eitel* Factors weigh in favor of granting default judgment.

#### a. Prejudice to Plaintiff

The first *Eitel* factor requires the Court to consider whether withholding default judgment would prejudice Plaintiff. Here, absent an entry of default, Plaintiffs and the proposed class "will most likely be without recourse against [Defendant Nature Republic International], given [Nature Republic International] unwillingness to cooperate and defend." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1006 (C.D. Cal. 2014). Because Plaintiffs and the proposed class will not have any recourse against the Corporate Defendants without a default judgment, the Court should find that withholding the default judgment would prejudice Plaintiff and the proposed class.

#### b. Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint

Here, Plaintiffs claims are substantive and sufficient, meeting the second and third *Eitel* Factors. "The Ninth Circuit has suggested that these two factors require that a plaintiff 'state a claim on which the [plaintiff] may recover.'" *PepsiCo, Inc.*

Case 2:21-cv-05217-MWF-GJS   Document 16   Filed 10/15/21   Page 11 of 15   Page ID #:94

*v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). Courts often consider the second and third *Eitel* factors together because examining the merits of a substantive claim and the sufficiency of a complaint share the same requirement, i.e., stating a claim "on which the [plaintiff] may recover." *See Kloepping v. Fireman's Fund*, 1996 WL 75314 at *2 (N.D. Cal. 1996) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir.1978)); *see also Bd. Of Trustees, I.B.E.W. Local 332 Pension Plan Part A v. Delucchi Elec, Inc.*, 2020 WL 2838801 at *2 (N.D. Cal 2020).

### i. Americans With Disabilities Act

Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations"; and "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden". 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii). "A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT

undue burden, i.e., significant difficulty or expense." 28 C.F.R. § 36.303(a). In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii).

### ii.   Unruh Civil Rights Act

In California, "Any violation of the ADA necessarily constitutes a violation of the Unruh Act," and "no showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation."  Cal. Civ. Code § 51(f); *Lentini v. Cal. Ctr. for the Arts*, Escondido, 370 F. 3d 837, 847 (9th Cir. 2004). The Unruh Act, unlike the ADA, permits monetary damages that include actual and treble damages, or statutory damages of $4,000 per violation. Cal. Civ. Code § 52(a).  Here, plaintiff alleges a legitimate ADA violation based on Defendant National Republic International's lack of website accessibility for the legally blind. Consequently, Plaintiff has properly alleged an Unruh Act violation as well.

To conclude, Plaintiff's substantive claims have merit, and she has sufficiently pled her case. The second and third *Eitel* factors weigh in favor of default judgment.

### c. Sum of Money at Stake in the Action

"Under the [fourth] *Eitel* factor, the court must consider the amount of money at stake in relation to the seriousness of [the] [d]efendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176 (2002).

### d. Dispute Concerning Material Facts and Excusable Neglect

When a plaintiff has "supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010); *see also Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D.

Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

Under the sixth *Eitel* factor, the Court considers the issue of excusable neglect. "This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Here, the record indicates that Plaintiff properly served Defendant Nature Republic thus Defendant is, or should be, aware of this action. (*See* Docket Nos. 3, 4, 4-4, and 5). Despite being put on notice of this action, Defendant has failed to respond. Its failure to respond does not appear to be excusable. Thus, this factor favors granting default judgment. *See Wecosign*, 845 F. Supp. 2d at 1082.

Here, Defendant's unexplained silence, in spite of being personally served the Complaint and Summons on July 6, 2021 and Plaintiff's request for clerk's entry of judgment on September 7, 2021, weighs in favor of granting Plaintiff's instant motion for entry of default judgment.

### e. Policy of Favoring Decisions Based on Merits

Finally, the seventh *Eitel* factor requires the Court to consider whether the Court's strong preference for deciding cases on the merits should preclude the Court from granting default judgment. Despite this strong policy, courts often find that granting default judgment is appropriate when a defendant fails to adequately defend against a lawsuit. *See, e.g.*, *Wecosign*, 845 F. Supp. 2d at 1083; *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).

## IV. REQUESTED RELIEF

Plaintiff seeks both injunctive and equitable monetary relief in its complaint.

### A. Injunctive Relief

By statute, the Court has the authority to grant the injunctive relief sought. "In the case of violations of…this title, injunctive relief shall include an order to

alter facilities to make such facilities readily accessible to and usable by individuals with disabilities…Where appropriate, injunctive relief shall also include requiring the…modification of a policy." 42 U.S.C. § 12188(a)(2).

An injunction may be granted "if there is some cognizable danger of recurring violation." *FTC v. Gill*, 71 F. Supp. 2d 1030, 1047 (C.D. Cal. 1999). A Court considers the totality of the circumstances, including past unlawful conduct. *See id*. "When the violation has been predicated upon systematic wrongdoing, rather than isolated occurrences, a court should be more willing to enjoin future conduct." *Id.* (quoting *CFTC v. Hunt*, 591 F.2d 1211, 1220 (7th Cir.1979)).

### B. Equitable Monetary Relief

#### 1. Statutory Damages

Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 , 51.5 , or 51.6 , is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51 , 51.5 , or 51.6 .

#### 2. Attorney's Fees and Costs

Plaintiff requests $5,000 in attorney's fees and costs. Such recovery is available to the prevailing attorney under both the ADA and Unruh Act. *See* 42 U.S.C. § 12188(a)(2); *see also* Cal. Civ. Code § 55. Federal and state courts use the lodestar method to calculate recoverable attorney's fees by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001).

##### a. Hourly Rates

Market rates in the relevant community ordinarily determine a reasonable

hourly rate. *See Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). The fee applicant bears the burden of "produc[ing] satisfactory evidence" to persuade a court that the requested rates fall in line with those of the relevant community. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). A court may look to other decisions within its same forum for direction in determining attorney's fees. *See Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).

### b. Reasonable Hours

These reasonable hours constitute time spent on filing this action and filing the necessary entry of default documents.

### c. Costs

Under the ADA, a court has discretion to award the prevailing party "a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205; *see also Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002).

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter a default judgment against Defendant pursuant to Federal Rules of Civil Procedure 55(b).

Dated: October 15, 2021                    Respectfully Submitted,

 /s/ *Jasmine Behroozan*
Thiago M. Coelho
Jasmine Behroozan
**WILSHIRE LAW FIRM, PLC**
*Attorneys for Plaintiff and Proposed Class*