UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 21-05217-MWF (GJSx)     Date: May 24, 2022
Title:     Portia Mason v. Nature Republic International, LLC, et al

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**     ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [16]

Before the Court is Plaintiff Portia Mason's Motion for Default Judgment (the "Motion"), filed on October 15, 2021. Defendant Nature Republic International, LLC has not appeared in the action.

The Motion was noticed to be heard on **December 10, 2021**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing was also consistent with General Order 21-08 and Order of the Chief Judge 21-124 arising from the COVID-19 pandemic.

For the reasons below, the Motion is **DENIED** *without prejudice*. Plaintiff seeks default judgment as a class representative but the putative class has not been certified under Federal Rule of Civil Procedure 23.

**I.**     **BACKGROUND**

Plaintiff Portia Mason is legally blind. (Complaint ¶ 1 (Docket No. 1)). Nonetheless, Plaintiff can still access online content with the assistance of screen-reading software. (*Id.* ¶ 25). Plaintiff is a proficient user of screen-reading software such as JAWS and Mac's VoiceOver function. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 21-05217-MWF (GJSx)**          **Date:  May 24, 2022**
**Title:**     Portia Mason v. Nature Republic International, LLC, et al

Defendant Nature Republic International, LLC offers a public website at https://www.naturerepublicusa.com (the "Website").  (*Id.* ¶ 23).  Plaintiff claims that, upon numerous visits to the Website, Plaintiff encountered multiple access barriers that denied Plaintiff full and equal access to the services offered.  (*Id.* ¶ 26).  For example, Plaintiff claims that the Website lacks alternative text ("alt-text"), which is invisible code embedded beneath an image or graphic on a website that is read aloud to a user using screen-reading software.  (*Id.* ¶ 27).  Because the missing alt-text prevents screen-reading software from vocalizing a description of an image or graphic on the Website, Plaintiff is allegedly unable to determine what product or promotion is being advertised.  (*Id.*).  Plaintiff also alleges that the Website contains empty links that contain no text, which obscures the propose of the link from Plaintiff; and the Website contains redundant links that loop Plaintiff back to the same web address, which causes Plaintiff additional navigation and repetition.  (*Id.* ¶ 28).

Based on the foregoing, Plaintiff initiated a class action lawsuit against Defendant on June 25, 2021.  Plaintiff asserts two claims for relief:  (1) violation of the American's with Disabilities Act ("ADA") 42 U.S.C. § 12181 *et seq.*; and (2) violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq*.  (*Id.* ¶¶ 55–68).  Plaintiff seeks to represent "all legally blind individuals in the State of California who have attempted to access Defendant's website by the use of a screen reading software during the applicable limitations period up to and including final judgment in this action."  (*Id.* ¶ 43).

On July 6, 2021, Plaintiff served Defendant's agent for service of process by way of substitute service in accordance with Federal Rule of Civil Procedure 4(e)(1) under California law.  (Proof of Service (Docket No. 10)).  Defendant, however, never made an appearance in this action.  On September 3, 2021, Plaintiff filed a Request for Clerk's Entry of Default, and Default was entered on September 7, 2021.  (Docket Nos. 13, 14).  Plaintiff then filed this Motion seeking default judgment.

II.     **LEGAL STANDARD**

---

**CIVIL MINUTES—GENERAL**                                                          2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-05217-MWF (GJSx)         **Date:** May 24, 2022
**Title:**     Portia Mason v. Nature Republic International, LLC, et al

---

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a).

The choice as to whether a default judgment should be entered is at the sole discretion of the trial court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has determined that a court should consider seven discretionary factors before rendering a decision on an application for default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (the "*Eitel Factors*").

The seven factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the Complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits. *Id.* If the Court determines that default judgment is appropriate, it may consider extrinsic evidence or conduct an evidentiary hearing in determining the amount of damages. Fed. R. Civ. P. 55(b)(2).

### III. DISCUSSION

The Court cannot reach the merits of Plaintiff's Motion for Default Judgment because Plaintiff seeks default on a class-wide basis, yet Plaintiff has not sought certification of its putative class under Federal Rule of Civil Procedure 23. Before granting default judgment in favor of Plaintiff's putative class, the Court must certify the class, class members must be provided with notice as required by Rule 23(c)(2)(B), and class members must be given an opportunity to opt out. *See Brooks v. Morphe, LLC*, No. 2:20-CV-1219 KJM DB, 2021 WL 1031973, at *1 (E.D. Cal. Feb. 16, 2021) (quoting *Partington v. American Intern. Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) ("although a default judgment has the effect of deeming all factual allegations in the complaint admitted, it does not also have the effect of 'admitting' the independent legal question of class certification")); *see also Davis v. Hutchins*, 321 F.3d 641, 648–49 (7th Cir. 2003) (overturning class damages award upon entry of default judgment because class was never certified, explaining "[t]here is the general

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 21-05217-MWF (GJSx)                **Date:**  May 24, 2022
**Title:**     Portia Mason v. Nature Republic International, LLC, et al

principle that factual allegations in the complaint are deemed admitted by the defendant upon default; however, application of that general principle does not solve the class-certification issue.").

Alternatively, Plaintiff may refile her Motion and seek default judgment only on behalf of herself. *Brooks*, 2021 WL 1031973, at *1 ("'In cases in which the district courts have entered a default judgment against a defendant and no class has been certified, only named plaintiffs can recover damages.'") (quoting *Cortes v. National Credit Adjusters, L.L.C.*, No. 2:16-cv-0823 MCE EFB, 2017 WL 3284797, at *2 (E.D. Cal. Aug. 2, 2017)).

Accordingly, the Motion is **DENIED** *without prejudice*.

IT IS SO ORDERED.